## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| KC RAVENS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-00870-CV-DGK |
| | ) | |
| MICAH ENERGY CORPORATION and | ) | |
| MIKE SNELL, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT

This case comes before the Court for a damages hearing pursuant to the Court's Order (Doc. 56). The Court held this hearing on February 5, 2015. Plaintiff KC Ravens, LLC ("KC Ravens") appeared by and through its managing member Vince Hodes and its attorneys John Mullen and Nick Hillyard. Defendants Micah Energy Corporation ("Micah") and Mike Snell ("Snell") failed to appear. After considering the evidence, including the testimony of Mr. Hodes and the plaintiff's agent, Michael Tighe Greenhalgh, and hearing argument from Plaintiff's counsel, John Mullen, the Court finds as follows:

1.     Plaintiff KC Ravens is a Kansas limited liability company that is located and operates in Kansas City, Missouri. KC Ravens' sole member is Vince Hodes, a Kansas citizen. Defendant Micah is an Arizona corporation with its principal place of business there. Defendant Snell resides in Texas. KC Ravens filed this lawsuit in the Circuit Court of Jackson County, Missouri, and Snell removed the case to federal court by invoking the Court's diversity jurisdiction. Before removal, the Jackson County Circuit Court entered an interlocutory order of default against Defendant Micah.

2.        This Court previously made an entry of default against Snell as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A) for failing to respond to Plaintiff's discovery requests. The Court also noted that entry of default was also appropriate under Rule 55 because the record demonstrated that Snell had "failed to plead or otherwise defend." The Court further held that it would enter a default judgment against Snell as soon as it held a hearing to determine the amount of damages. *See* Entry of Default By the Clerk (Doc. 53); Order Granting in Part Motion for Sanctions (Doc. 55).

3.        The Court finds and holds that Micah had a valid contract with KC Ravens to guarantee a $1 million loan, that Micah breached its contract with KC Ravens to guarantee this loan, and that due to this breach, KC Ravens sustained damages of more than $1.5 million, but Micah's liability is capped under the contract at $1.5 million. These damages include unpaid principal and interest, as well as attorneys' fees, costs, and expenses incurred in prosecuting this action.

4.        The Court finds and holds that Snell tortiously induced KC Ravens into making this loan by making fraudulent misrepresentations that KC Ravens relied on in deciding to make the loan. As a result of Snell's fraudulent misrepresentations, KC Ravens sustained a loss of principal in the amount of $1 million and loss of interest in the amount of $1 million, as well as attorneys' fees, costs, and expenses incurred in prosecuting this action.

5.        During the damages hearing, Plaintiff's counsel requested an award of attorneys' fees pursuant to the parties' contract and submitted Exhibit M, which the Court accepted, detailing these fees. The Court construes counsel's request and the exhibit as a motion under Rule 54(d)(2) for attorneys' fees. The Court finds that KC Ravens incurred $47,335.00 in attorneys' fees and expenses of $942.81 in prosecuting this action. The Court holds these fees

and expenses are fair and reasonable. These fees include $562.50 in attorneys' fees the Court ordered Snell to pay as a sanction for an earlier discovery violation. *See* Order Granting Motion to Compel (Doc. 44); Order Determining Amount of Reasonable Attorneys' Fees (Doc. 54).

6.      Defendant Mike Snell's actions were calculating, intentional, deceitful, and reckless, and show a conscious disregard for the rights of others, thus warranting an award of punitive damages. Echoing the Supreme Court's decision in *BMW of North America v. Gore*, Missouri law considers three factors in determining an amount of punitive damages: "(1) the reprehensibility of the defendant's misconduct; (2) the disparity between the harm and the punitive damages award; and (3) the difference between the punitive damages award and penalties authorized or imposed in comparable cases." *Lewellen v. Franklin*, 441 S.W.3d 136, 146 (Mo. 2014) (citing *Gore*, 517 U.S 559, 574-75 (1996)). "The reprehensibility of the conduct is the most important factor." *Lewellen*, 441 S.W.3d at 146. Reprehensibility is determined by considering whether the harm caused was physical or economic; whether the conduct "evinced an indifference to or a reckless disregard of the health or safety of others;" whether the victim was financially vulnerable; whether the conduct involved repeated actions or was an isolated incident; and whether the conduct was intentional or accidental. *Id.*

7.      Applying these factors to the present case, the Court finds Snell's conduct was reprehensible and involved repeated, intentional fraudulent conduct. However, the Court also recognizes that his conduct did not involve physical harm, did not evince an indifference to the physical health or safety of others, and did not involve a financially vulnerable victim. The Court holds that an award of punitive damages equal to KC Ravens' actual damages is appropriate and similar to the punitive damages imposed in roughly comparable cases. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 414-16,429 (2003) (holding an award

of punitive damages at or near the amount of compensatory damages appropriate to punish insurer's nationwide fraud and intentional infliction of emotional distress).

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff KC Ravens, LLC, recover the following amount from Defendant Micah Energy Corporation:

      a.      Actual damages in the amount of $1,500,000.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff KC Ravens, LLC, recover the following amounts from Defendant Mike Snell:

      a.      Actual damages in the amount of $2,000,000;

      b.      Attorneys' fees, costs and expenses in the amount of $48,277.81; and

      c.      Punitive damages in the amount of $2,000,000.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Micah Energy Corporation and Defendant Mike Snell shall be jointly and severally liable for the actual damages.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment as to Defendant Micah Energy Corporation shall bear interest from this date forward at the rate of 9% per annum as directed by Mo. Rev. Stat. § 408.040.2, and this Judgment as to Defendant Mike Snell shall bear interest from this date forward at the rate of 5.25% per annum as directed by Mo. Rev. Stat. § 408.040.3.

**IT IS SO ORDERED.**

Date:  February 9, 2015          /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT